**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MYRON BARBER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:16-cv-00070-MJR |
| ) | |
| **BRENDAN KELLY, et al.,** ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Myron Barber is currently incarcerated at Hill Correctional Center (Doc. 1.) Proceeding *pro se*, Barber has filed a complaint pursuant to 42 U.S.C. § 1983 against several Illinois and Minnesota judicial, prosecutorial, and law enforcement officials. (*Id.*) He seeks monetary and specific relief. (*Id.* at 14-15.)

This matter is now before the Court for a preliminary review of Barber's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Background

On January 8, 2011, while in the custody of Sheriff Matt Bostrom of Ramsey County, St. Paul, Minnesota, Barber was informed of a detainer issued against him concerning an alleged crime that occurred in 2009 in St. Clair County, Illinois. In connection with the alleged crime, State's Attorney Brendan Kelly of St. Clair County filed a criminal complaint against Barber. An arrest warrant, signed by Kelly, Judge Randall Kelley of St. Clair County, and then-Governor Pat Quinn signed a warrant for Barber's arrest.

On or about March 23, 2011, Barber's defense attorney filed a habeas corpus petition in Ramsey County in an effort to secure relief against the detainer and arrest warrant. Allegedly on that date, the arrest warrant was returned to State's Attorney Kelly. Kelly then presented another arrest warrant to Governor Quinn who, along with Kelly and Judge Kelley, signed the warrant.

On or about May 13, 2011, Barber was transferred to St. Clair County and eventually sentenced to six years imprisonment to be served in the Illinois Department of Corrections. Barber filed a motion for post-conviction relief, which was denied on or about March 3, 2012.

He appealed to the Illinois Appellate Court, but does not indicate whether the court has ruled on his motion.

Barber seeks an array of remedies, including an order declaring he was falsely arrested, an injunction ordering his release from imprisonment, and compensatory and punitive damages.

## Discussion

In *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), the Supreme Court recognized that some prisoner civil rights cases straddle the line between what is actionable under § 1983, and what should instead be instituted in a habeas corpus action under 28 U.S.C. § 2254:

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum time of confinement.

*Muhammad*, 540 U.S. at 750-51 (citations omitted). *Muhammad* is based on the Supreme Court's opinion in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 action for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87.

Although Barber seeks damages on the grounds of false arrest, false imprisonment, and prosecutorial misconduct, he also seeks injunctive relief ordering the Illinois Defendants to "cease [his] False Imprisonment." Barber is thus challenging the validity of his confinement. Because a finding in favor of Barber in this § 1983 action would therefore "necessarily imply" that his conviction and imprisonment were invalid, it runs afoul of *Muhammad* and *Heck*. That

said, Barber may be able to challenge his conviction and imprisonment in a federal habeas corpus case *after* pursuing his claim through the Illinois state court system. This includes appealing any adverse decision of the Illinois Appellate Court to the Illinois Supreme Court. Barber indicates that he has sought post-conviction relief in the Illinois state courts, but does not indicate whether the appellate court has ruled on his motion, nor whether he has appealed any adverse court of appeals decision to the state supreme court.

### Pending Motion

Barber filed a motion for recruitment of counsel (Doc. 3). That motion is **DISMISSED as MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that any and all claims against all Defendants are **DISMISSED** without prejudice.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 1, 2016**

                                           s/ *Michael J. Reagan*
                                           **MICHAEL J. REAGAN**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**